PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| BLAKE KEDRA, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. 5:26-CV-01410 |
| | ) | |
| *v.* | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NVR, Inc., | ) | **ORDER** |
| | ) | [Resolving ECF No. 4] |
| Defendant. | ) | |

The Court considers Defendant NVR, Inc.'s "Unopposed Motion for Extension of Time to Answer, Move, or Otherwise Plead." *See* ECF No. 4.  Plaintiff sued Defendant in the Stark County (Ohio) Court of Common Pleas on May 28, 2026 and executed service on June 9, 2026. *See* ECF No. 1–1 at PageID ##: 6, 9.  Under Ohio R. Civ. P. 12(A)(1), a "defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him[.]" So, Defendant had until July 7, 2026 to file its state court answer  *See* Ohio R. Civ. P. 12(A)(1). Instead, it removed the case to the Northern District of Ohio on June 22, 2026 through diversity jurisdiction *via* 28 U.S.C. § 1332, 1441, and 1446.  *See* ECF No. 1.

Now, under Fed. R. Civ. P. 81(c)(2),

> A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:

> > (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;

> > (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or

(5:26-CV-01410)

(C) 7 days after the notice of removal is filed.

Therefore, because Defendant was served with both the summons and complaint on June 9, 2026, both Fed. R. Civ. P. 81(c)(2)(A) and (B) direct a June 30, 2026 cutoff to file their responsive pleading in federal court (*i.e.*, June 9, 2026 plus twenty-one days).  Conversely, Fed. R. Civ. P. 81(c)(2)(C) directs a June 29, 2026 cutoff.  The "longest of these periods[,]" controls, and thus June 30, 2026 is the operative cutoff for Defendant's responsive pleading. Now it seeks another month to answer, claiming "[a]dditional time is necessary to . . . fully analyze the allegations . . . investigate the underlying facts, and prepare an appropriate response." ECF No. 4 at PageID #: 35.  It also gestures vaguely to defense counsel's "preexisting professional obligations that limit their availability during the current response period[.]" ECF No. 4 at PageID #: 35.

An extension is authorized under Fed. R. Civ. P. 6(b)(1).  And because its responsive pleading cutoff has not yet passed, the Court evaluates its motion under the flexible "good cause" standard in Fed. R. Civ. P. 6(b)(1)(A).  The measure of "good cause" is "the moving party's diligence in attempting to meet the deadlines" established by the Federal Rules of Civil Procedure.  *Layman v. United Parcel Serv., Inc.*, No. 3:17-CV-738-CRS, 2019 WL 1966123, at *3 (W.D. Ky. May 2, 2019) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

But the operative word in Fed. R. Civ. P. 6(b)(1) is that the Court "*may*" grant requested extensions, indicating discretion.  (emphasis added).  In exercising that discretion, the Court is mindful that Fed. R. Civ. P. 11(a)(1) says a signed motion cannot be "presented for any improper purpose, such as to harass, *cause unnecessary delay*, or needlessly increase the cost of

2

(5:26-CV-01410)

litigation[.]"[1]  (emphasis added).  And the Court adheres to the command that the Rules

"should be construed, administered, and employed . . . to secure the just, speedy, and

inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  It also agrees

with persuasive authority finding that "delays are a particularly abhorrent feature" of legal

practice, *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990), and the "scourge of

modern civil litigation."  *McCann v. Cullinan*, No. 11 CV 50125, 2015 WL 4254226, at *2

(N.D. Ill. July 14, 2015).

Having neither answered nor sought an extension in state court, Defendant now requests

and extension until July 28, 2026 to file its responsive pleading, a delay of nearly two months

since this litigation began.  *See* ECF Nos. 1, 4.  This is straightforward contract dispute that

presents neither legal novelty nor factual complexity that would ordinarily justify such a

request.  Although Plaintiff does not oppose Defendant's request, the Court declines to reward

inaction by granting the motion in full and retarding the resolution of this dispute *in utero.*

Instead, it grants the "Unopposed Motion for Extension of Time to Answer, Move, or

Otherwise Plead" in part, giving Defendants fourteen additional days.  *See* ECF No. 4.

Defendant shall file their responsive pleading to the verified Complaint no later than July 14,

2026.

IT IS SO ORDERED.

| | |
|---|---|
| June 26, 2026 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[1] Fed. R. Civ. P. 11 "applies at the instant the federal jurisdiction is invoked over
the proceedings" (*e.g.*, on removal from state court).  *Herron v. Jupiter Transp. Co.*, 858
F.2d 332, 335 (6th Cir. 1988).