**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEDRA et al.** | ) | CASE NO.: 5:26-cv-01410-BYP |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | **JUDGE BENITA Y. PEARSON** |
| v. | ) | |
| | ) | |
| **NVR, INC.** | ) | |
| | ) | **DEFENDANT NVR, INC.'S MOTION** |
| *Defendant.* | ) | **TO DISMISS PLAINTIFFS'** |
| | ) | **COMPLAINT** |
| | ) | |

Defendant NVR, Inc. moves to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. As detailed in the accompanying Memorandum of Law, dismissal is warranted because Plaintiffs' claims are barred by the Purchase Agreement's valid and enforceable one-year Contractual Limitations Clause. Plaintiffs expressly agreed that any and all claims arising out of or relating to the Purchase Agreement, settlement, or improvements to the Property would be subject to a one-year limitations period, would accrue upon settlement, and would not be subject to the discovery rule. Plaintiffs closed on the Property on February 23, 2023, yet did not commence this action until May 2026.

Dismissal is also warranted because Plaintiffs' breach of contract claim fails to identify any provision of the Purchase Agreement allegedly breached, Plaintiffs' fraud claim independently fails as a matter of law, and Plaintiffs' declaratory judgment claim fails as a matter of law. The facts alleged in the Complaint preclude Plaintiffs from establishing the essential element of justifiable reliance, as the alleged flood-zone designation forming the basis of the fraud claim was a matter of public record and equally available to Plaintiffs prior to closing. Plaintiffs' declaratory judgment claim likewise fails because it is derivative of Plaintiffs' substantive claims and seeks a

declaration that the Contractual Limitations Clause is unenforceable, even though that issue is already before the Court through NVR's limitations defense.

Accordingly, NVR respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety with prejudice and enter judgment in NVR's favor.

Respectfully submitted,

/s/ Ryan W. Gillespie
David D. Yeagley (0042433)
Ryan W. Gillespie (0102606)
**UB GREENSFELDER LLP**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7000
(216) 583-7001 (Fax)
dyeagley@ubglaw.com
rgillespie@ubglaw.com

*Attorneys for Defendant NVR, Inc.*

2

**CERTIFICATE OF SERVICE**

I certify that on July 14, 2026, a copy of *Defendant NVR, Inc.'s Motion to Dismiss Plaintiffs' Complaint* was electronically filed via the Court's CM/ECF system.  Notice and a copy of this filing will be sent to counsel of record for all parties via the Court's CM/ECF system upon all counsel of record.

*/s/ Ryan W. Gillespie*

*One of the attorneys for Defendant NVR, Inc.*

**CERTIFICATE OF COMPLIANCE REGARDING DISPOSITIVE MOTIONS**

Pursuant to the Court's Case Management Scheduling Order regarding dispositive motions, counsel for Defendant NVR, Inc. certifies that, prior to filing this Motion to Dismiss, Defendant submitted a written request to Plaintiffs' counsel seeking voluntary dismissal of Plaintiffs' claims. Plaintiffs' counsel declined that request, indicating that Plaintiffs intend to proceed with the action notwithstanding the decisions enforcing Paragraph 14 of the Purchase Agreement, including *Lawrence v. NVR, Inc.*, which is currently pending on appeal before the Sixth Circuit.

*/s/ Ryan W. Gillespie*

*One of the attorneys for Defendant NVR, Inc.*

3