**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEDRA et al.** | ) | CASE NO.: 5:26-cv-01410-BYP |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | **JUDGE BENITA Y. PEARSON** |
| v. | ) | |
| | ) | |
| **NVR, INC.** | ) | |
| | ) | **DEFENDANT NVR, INC.'S** |
| *Defendant.* | ) | **MEMORANDUM OF LAW IN** |
| | ) | **SUPPORT OF MOTION TO DISMISS** |
| | ) | **PLAINTIFFS' COMPLAINT** |

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT..................................................................................1

II.     BACKGROUND ....................................................................................................3

     A.     The Purchase Agreement Between NVR and Plaintiffs............................3

     B.     Plaintiffs' Allegations Regarding the Flood-Zone Designation ..............5

     C.     Plaintiffs' Allegations Regarding Water Intrusion ..................................5

     D.     Claims Asserted ......................................................................................6

III.    STANDARD OF REVIEW ...................................................................................6

IV.    LAW AND ARGUMENT .....................................................................................7

     A.     Plaintiffs' claims are time-barred. .........................................................7

           1.     The Purchase Agreement contains a clear and enforceable one-year limitations period. ..........................................................7

           2.     The Contractual Limitations Clause has been repeatedly enforced....................................................................................9

           3.     Plaintiffs' claims are barred by the Contractual Limitations Clause..................................................................................10

     B.     Plaintiffs' breach of contract claim fails. .............................................11

     C.     Plaintiffs' fraud claim fails as a matter of law......................................13

     D.     Plaintiffs' declaratory judgment claim should be dismissed.................16

     E.     Amendment of the Complaint would be futile. .....................................18

V.     CONCLUSION...................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amos v. NVR, Inc.*,
No. 1:19-CV-719, 2022 WL 980676 (S.D. Ohio Mar. 31, 2022)...............................2, 9, 10, 18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................................6

*Barbee v. Nationwide Mut. Ins. Co.*,
2011-Ohio-4914, 130 Ohio St. 3d 96, 955 N.E.2d 995 ....................................................8, 9, 18

*Barna v. Paris*,
No. 99-L-084, 2000 WL 1458967 (Ohio Ct. App. Sept. 29, 2000)..........................................15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................................6

*Bell v. APEX Realty, LLC*,
No. 24-CV-0157-ABA, 2025 WL 2772026 (D. Md. Sept. 29, 2025) ......................................10

*Bell v. APEX Realty,, LLC*,
No. 24-CV-0157-ABA, 2025 WL 3469639 (D. Md. Dec. 3, 2025)........................................10

*Bencivenni v. Dietz*,
2013-Ohio-4549, 2013 WL 5635988 (11th Dist. Oct. 15, 2013) ............................................15

*Burr v. Bd. of County Comm'rs. of Stark Cty.*,
23 Ohio St.3d 69, 491 N.E.2d 1101 (1986) ............................................................................13

*Cataldo v. U.S. Steel Corp.*,
676 F.3d 542 (6th Cir. 2012) ......................................................................................................7

*Columbia Gas Trans. Corp. v. Ogle*,
51 F.Supp.2d 866 (S.D. Ohio 1997) .........................................................................................14

*Colvin v. Globe Am. Cas. Co.*,
69 Ohio St.2d 293 (1982)............................................................................................................8

*Daniels v. NVR, Inc.*,
56 F. Supp. 3d 737 (D. Md. 2014)............................................................................................10

*Dougherty v. Esperion Therapeutics, Inc.*,
905 F.3d 971 (6th Cir. 2018) ......................................................................................................6

*Fire-Dex, LLC v. Admiral Ins. Co.*,
 139 F.4th 519 (6th Cir. 2025), *cert. denied,* 146 S. Ct. 1453, 223 L. Ed. 2d 507
 (2026) ................................................................................................................................16

*Foman v. Davis*,
 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ..............................................................18

*GE Elec. Co. v. S & S Sales Co.*,
 No. 11 CV 00837, 2011 WL 4369045 (N.D. Ohio Sept. 19, 2011) .......................................12

*Glassner v. R.J. Reynolds Tobacco Co.*,
 223 F.3d 343 (6th Cir. 2000) ...............................................................................................13

*Griffin v. Darling Ingredients, Inc.*,
 No. 3:19-CV-009, 2020 WL 13178034 (S.D. Ohio Mar. 24, 2020).......................................17

*Harris v. Am. Postal Workers Union*,
 198 F.3d 245 (6th Cir. 1999) ...............................................................................................11

*Harshman II Dev. Co. v. Meijer Stores Ltd. P'ship*,
 2010-Ohio-381, 189 Ohio App. 3d 249, 938 N.E.2d 53.......................................................14

*Heimeshoff v. Hartford Life & Acc. Ins. Co.*,
 571 U.S. 99, 134 S. Ct. 604, 187 L. Ed. 2d 529 (2013).....................................................7, 18

*Hoskins v. DaimlerChrysler Corp.*,
 No. 3:03cv338, 2005 U.S. Dist. LEXIS 45418 (S.D. Ohio Mar. 30, 2005) .............................8

*Int'l Ass'n of Machinists & Aerospace Workers v. Tennessee Valley Auth.*,
 108 F.3d 658 (6th Cir. 1997) ...........................................................................................16, 17

*Kitral v. NVR, Inc.*,
 No. 1:21CV612, 2021 WL 1927853 (N.D. Ohio May 13, 2021)...........................................12

*Kondaur Cap. Corp. v. Smith*,
 802 F. App'x 938 (6th Cir. 2020)......................................................................................17, 18

*Lawrence v. NVR, Inc.*,
 823 F.Supp.3d 768 (N.D.Ohio 2026)...............................................................1, 2, 8, 9, 18

*Lawrence v. NVR, Inc.*,
 Case No. 26-3309 (6th Cir.).....................................................................................................9

*Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*,
 571 U.S. 191, 134 S. Ct. 843, 187 L. Ed. 2d 703 (2014)......................................................16

*Miami Valley Mobile Health Servs., Inc. v. ExamOne Worldwide, Inc.*,
 852 F. Supp. 2d 925 (S.D. Ohio 2012) .................................................................................17

*Multilink Incorporated v. Conway Corporation*,
   No. 1:23-cv-964, 2026 WL 1723657 (N.D. Ohio June 15, 2026) ......................................8, 18

*Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*,
   492 F. App'x 518 (6th Cir. 2012) .......................................................................................12

*Ohio Plaza Assoc., Inc. v. Hillsboro Assoc.*,
   No. 96CA898, 1998 WL 394370 (4th Dist. June 29, 1998) ..................................................15

*Order of United Commercial Travelers of America v. Wolfe*,
   331 U.S. 586, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947) ............................................................8

*Presley v. City of Charlottesville*,
   464 F.3d 480 (4th Cir. 2006) ..............................................................................................6

*R.E. Holland Excavating v. Bd. of Cty. Comm'rs*,
   133 Ohio App. 3d 837 (1999) ..............................................................................................8

*Scott Hutchinson Enter., Inc. v. Rhodes, Inc.*,
   No. C-1-01-776, 2005 WL 8162548 (S.D. Ohio Aug. 18, 2005) ....................................14, 15

*Smith v. City of Barberton*,
   No. 1:20cv584, 2021 WL 752595 (N.D. Ohio Feb. 26, 2021) ................................................8

*Telang v. NVR, Inc.*,
   No. 23-1803, 2024 WL 2861846 (3d Cir. June 6, 2024) .......................................................10

*Telang v. NVR, Inc.*,
   No. CV 19-1025, 2023 WL 2713910 (W.D. Pa. Mar. 30, 2023).............................................10

*United Nat. Bank and Trust Co. v. North Canton Centre, Inc.*,
   No. CA 9202, 1993 WL 535503 (Ohio App. Dec. 6, 1993).....................................................14

*Universal Windows & Doors v. Eagle Window & Door*,
   116 Ohio App. 3d 692 (1996)................................................................................................8

*Wilton v. Seven Falls Co.*,
   515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).......................................................17

*Write Start Early Christian Educ. Ctr., LLC v. Nat'l Fire & Marine Ins.*,
   836 F. App'x 362 (6th Cir. 2020)...........................................................................................18

*Young v. Carrier Corp.*,
   No. 4:14CV0974, 2014 WL 6617650 (N.D. Ohio Nov. 21, 2014) .........................................18

v

**Statutes**

Declaratory Judgment Act, 28 U.S.C. § 2201..........................................................................16, 18

Ohio Home Construction Service Suppliers Act, O.R.C. § 4722, et. seq.....................1, 2, 6, 10, 16

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).................................................................................................................6, 7

N.D. Ohio Local Rule 7.1(f) ...........................................................................................................20

vi

## I.  PRELIMINARY STATEMENT

Plaintiffs Blake and Haley Kedra bring this action against Defendant NVR, Inc. arising out of their 2022 purchase and 2023 closing on a residential property constructed by NVR in the Kenyon Creek development in Massillon, Ohio. The Complaint asserts claims for breach of contract, violation of Ohio's Home Construction Service Suppliers Act ("HCSSA"), fraud, and declaratory judgment.

This case is governed—and resolved—by the parties' contract. Plaintiffs agreed in the parties' written Purchase Agreement that, with the exception of claims under NVR's express limited warranty (the "NVR Limited Warranty")[1], "any and all claims arising out of or relating to this Agreement … regardless of legal theory" must be brought within one year of the settlement date, that all such claims accrue at settlement, and that the discovery rule is waived. ("Contractual Limitations Clause") (Purchase Agreement ¶ 14.) Plaintiffs closed on their home on or about February 23, 2023, yet did not file suit until May 2026—more than three years later. Under the plain and enforceable terms of the Purchase Agreement, Plaintiffs' claims are barred.[2]

That contractual bar is dispositive. Courts applying Ohio law and evaluating precisely the same public policy considerations have enforced this exact limitations provision and dismissed untimely claims asserted against NVR, regardless of how those claims were labeled. *See Lawrence v. NVR, Inc.,* 823 F.Supp.3d 768 (N.D.Ohio 2026) (upholding NVR's limitations provision and dismissing complaint). The Contractual Limitations Clause broadly applies to "any and all claims" arising out of or relating to the Purchase Agreement, settlement, or improvements to the property,

---

[1] The NVR Limited Warranty provides a one-year warranty on the home generally, a two-year warranty on the installation of the home's mechanical, plumbing, and electric systems, and a ten-year warranty against major structural defects.

[2] Plaintiffs' Complaint acknowledges that, after experiencing alleged water intrusion, they sought relief under the NVR Limited Warranty (*see* Compl., ¶¶ 38-42), but Plaintiffs do not advance a claim for breach of express warranty in their Complaint.

extending to all claims asserted "regardless of legal theory" and where those claims are based on matters occurring before settlement. As a result, Plaintiffs cannot avoid the agreed limitations period by repackaging their allegations as a statutory claim under the HCSSA, a fraud claim, or a petition for declaratory relief.

The Complaint itself confirms the applicability of the Contractual Limitations Clause. Plaintiffs expressly acknowledge the existence of Paragraph 14, challenge its enforceability, and allege that the one-year limitations period is unreasonable because certain alleged events and alleged misrepresentations were not discovered until after the limitations period expired. (Compl. ¶¶ 52-56, 96.) But Plaintiffs expressly agreed that the one-year period was "completely reasonable in all respects" and further agreed that "[a]ll application of the so-called discovery rule" was waived. (Purchase Agreement ¶ 14.) Courts have already rejected the same challenge to the same NVR contractual provision, holding that the limitations clause is not a waiver of statutory rights but rather a reasonable contractual limitation on when those rights must be exercised. Indeed, where homeowners expressly agreed that a one-year limitations period was "completely reasonable in all respects," courts have held that such an agreement "forecloses any argument to the contrary." *Lawrence,* 823 F.Supp.3d at 781 (quoting *Amos v. NVR, Inc.*, No. 1:19-CV-719, 2022 WL 980676, at *5 (S.D. Ohio Mar. 31, 2022)).

Even aside from the contractual bar, Plaintiffs' claims suffer from independent defects. Plaintiffs' breach-of-contract claim fails because the Complaint does not identify a single provision of the Purchase Agreement that NVR allegedly breached. Plaintiffs' fraud claim fails because the alleged misrepresentations concern publicly ascertainable flood-zone information that, according to the Complaint itself, existed on a publicly available FEMA map years before Plaintiffs purchased the Property. Plaintiffs therefore cannot plausibly establish justifiable

reliance. Their declaratory judgment claim fails because it merely seeks a declaration that the Contractual Limitations Clause is unenforceable—an issue already foreclosed by controlling authority and necessarily subsumed within the Court's resolution of Plaintiffs' substantive claims.

While the Complaint is deficient on multiple grounds, the controlling defect is straightforward: Plaintiffs agreed to bring any non-express warranty claim arising out of or relating to the Purchase Agreement within one year of closing and failed to do so. Because the Contractual Limitations Clause is enforceable and bars all claims asserted in this action, the Complaint should be dismissed in its entirety with prejudice.

## II.    BACKGROUND

### A.    The Purchase Agreement Between NVR and Plaintiffs

Plaintiffs allege that on or about September 18, 2022, they entered into a contract with NVR (the "Purchase Agreement")[3] to purchase a lot and have a home constructed at 3519 Yellow Creek Avenue NW, Massillon, Ohio (the "Property") (Compl. ¶¶ 6-8.) Plaintiffs allege that construction of the home was completed in February 2023 and that they closed on the Property on or about February 23, 2023. (*Id*. ¶¶ 15-16.)

The parties' Purchase Agreement includes a one-year contractual limitations period, set forth in Paragraph 14 ("Contractual Limitations Clause"), which provides:

> **14. Claims and Disputes. You and We agree that any and all claims arising out of or relating to this Agreement, Settlement hereunder, or improvements to the Property, regardless of legal theory, except any claims under the Limited Warranty ("Claims"), shall be subject to a one (1) year limitation of action period and bar date. Such claims based on matters occurring before the Settlement Date shall be deemed to have arisen and accrued, if at all, and the one year limitation of action period for all such claims shall begin to run on the Actual Settlement Date. All application of the so-called "discovery rule" is mutually waived by the parties. By executing this Agreement, You**

---

[3] The Purchase Agreement is attached to the Complaint as Exhibit 1.

> **acknowledge Your understanding and agreement to these terms and that the said one (1) year period is completely reasonable in all respects. Notwithstanding the foregoing, these bar date terms shall not apply to claims for indemnity and/or contribution by Us against You and/or any other person. These rights may only be enforced by You and Us and nothing herein shall be construed to create any third party beneficiary rights in any other person or entity.**

(Purchase Agreement ¶ 14) (emphasis in original.)

Additionally, Paragraph 29 of the Purchase Agreement affirms its binding nature:

> **29.** THIS IS A LEGALLY BINDING CONTRACT.  READ AND UNDERSTAND ALL PROVISIONS PRIOR TO SIGNING. IF YOU DO NOT UNDERSTAND, SEEK LEGAL OR OTHER COMPETENT ADVICE. IF YOU SIGN BELOW, IT SHALL BE CONCLUSIVELY PRESUMED THAT YOU HAVE FULLY READ AND UNDERSTOOD ALL OF THE TERMS OF THIS AGREEMENT. [….]

(*Id*. at ¶ 29.)

The Purchase Agreement also provides that "[t]his Agreement, its formation and enforcement shall be governed by the laws of the State of Ohio without regard for conflicts of law principles." (Purchase Agreement ¶ 25).

The Purchase Agreement further addresses purported oral representations. Paragraph 18 provides that oral statements or promises are not enforceable unless written into the Agreement and further states that any oral statements or promises upon which the purchasers are relying must be identified in the Agreement. (Purchase Agreement ¶ 18.) The Agreement expressly states that no such oral statements or promises were made. (*Id*.) Additionally, the Purchase Agreement constitutes the parties' "entire and final Agreement." Paragraph 26 provides that "[n]o other prior or contemporaneous agreements, representations, promises or terms (written or oral) are part of this Agreement, but are superseded by this written Agreement." (Purchase Agreement ¶ 26.)

4

**B.**     **Plaintiffs' Allegations Regarding the Flood-Zone Designation**

Plaintiffs allege that, prior to entering into the Purchase Agreement, they retained Austin Bates of eXp Realty as their real-estate agent to assist with the purchase of the Property and negotiation of the transaction. (Compl. ¶¶ 10-11.) Plaintiffs allege that, during those negotiations, Mr. Bates specifically asked NVR whether the Property was located within a flood zone. (*Id*. ¶ 12.) According to the Complaint, NVR and its representatives responded that the Property was not located in a flood zone, and Plaintiffs allegedly relied on those representations in deciding to execute the Purchase Agreement. (*Id*. ¶¶ 13-14.)

Plaintiffs further allege that, prior to closing, they again asked NVR whether the Property was located in a flood zone and were again advised that it was not. (*Id*. ¶ 18.) Plaintiffs allege they did not receive a Standard Flood Zone Determination Form at closing and relied upon NVR's representations in proceeding with the transaction. (*Id*. ¶¶ 18-19.)

According to the Complaint, Plaintiffs later learned during a refinancing transaction that the Property is located in a flood zone identified as NFIP Map Number 39151C0187E. (*Id*. ¶¶ 20-21.) Plaintiffs allege that this flood-zone designation existed since at least September 29, 2011, and that NVR knew or should have known of the designation prior to Plaintiffs' purchase of the Property. (*Id*. ¶¶ 22-26.)

**C.**     **Plaintiffs' Allegations Regarding Water Intrusion**

Plaintiffs allege that on or about April 3, 2024, they experienced water intrusion in the basement of the home. (*Id*. ¶¶ 35-36.) Plaintiffs allege that they submitted a warranty claim to NVR and that NVR subsequently sent representatives to the Property to investigate the reported flooding. (*Id*. ¶¶ 37-39.) Plaintiffs further allege that a second basement flooding event occurred one year later, on or about April 5, 2025. (*Id*. ¶¶ 40-41.)

5

Plaintiffs allege that their primary damages stem from being induced to purchase the Property. (*Id.* ¶ 47.) Specifically, Plaintiffs allege that had they known the Property was located within a flood zone, they would not have purchased it. (*Id.* ¶¶ 47-50.) Plaintiffs seek, among other things, recovery of the purchase price of the home and other costs associated with the Property. (*Id.* ¶ 50.)

### D. Claims Asserted

Plaintiffs assert four causes of action against NVR: Breach of Contract (Count One); Violation of Ohio's Home Construction Service Suppliers Act, Ohio Revised Code Chapter 4722 (Count Two); Fraud (Count Three); and Declaratory Judgment (Count Four). (*Id.* ¶¶ 57-97.) As part of Count Four, Plaintiffs seek a declaration that the "one (1) year limitation of action period and bar date" contained in Paragraph 14 of the parties' Purchase Agreement is unreasonable, unlawful, and contrary to Ohio public policy. (*Id.* ¶¶ 95-97.)

## III. STANDARD OF REVIEW

The standard of review governing a Rule 12(b)(6) motion to dismiss is well established. While a complaint need not contain detailed factual allegations, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quotations and citations omitted). In reviewing a 12(b)(6) motion, the Court must "constru[e] the record in the light most favorable to the non-moving party and accept[ ] as true all well-pleaded allegations in the complaint."

6

*Dougherty v. Esperion Therapeutics, Inc.*, 905 F.3d 971, 978 (6th Cir. 2018). When "the allegations in the complaint affirmatively show that the claim is time-barred . . . dismissing the claim under Rule 12(b)(6) is appropriate." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

## IV. LAW AND ARGUMENT

### A. Plaintiffs' claims are time-barred.

Accepting Plaintiffs' allegations as true, their claims are barred by the Purchase Agreement. Because the Contractual Limitations Clause precludes all non-express warranty claims brought more than one year after closing, dismissal of the Complaint is warranted on that basis alone.

#### 1. The Purchase Agreement contains a clear and enforceable one-year limitations period.

The Purchase Agreement between NVR and Plaintiff sets forth an unambiguous contractual limitations period, which provides that "all claims arising out of or relating to" the Purchase Agreement, "regardless of legal theory," are "subject to a one (1) year limitation of action period and bar date." (Purchase Agreement ¶ 14.). The parties also waived any application of the discovery rule and specifically agreed that the Contractual Limitations Clause is "completely reasonable in all respects." (*Id.*) Plaintiffs closed on the Property on or about February 23, 2023. (Compl. ¶ 16.) Plaintiffs therefore were required to assert any non-express warranty claims no later than February 23, 2024. Instead, Plaintiffs did not commence this action until May 28, 2026— more than three years after closing and more than two years after expiration of the contractual limitations period. Because the Contractual Limitations Clause applies to "any and all claims . . . regardless of legal theory," this delay bars each of Plaintiffs' claims at the outset.

It is well established that "in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract

to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 107, 134 S. Ct. 604, 611, 187 L. Ed. 2d 529 (2013) (quoting *Order of United Commercial Travelers of America v. Wolfe*, 331 U.S. 586, 608, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947)). Ohio courts have consistently followed this basic legal principle. *See, e.g., Barbee v. Nationwide Mut. Ins. Co.*, 2011-Ohio-4914, ¶ 23, 130 Ohio St. 3d 96, 100, 955 N.E.2d 995, 998 ("the parties to a contract may validly limit the time for bringing an action on a contract to a period that is shorter than the general statute of limitations for a written contract, as long as the shorter period is a reasonable one").[4]

Most recently, Judge Fleming reaffirmed the enforceability of one-year contractual limitations provisions under Ohio law in *Multilink Incorporated v. Conway Corporation*, No. 1:23-cv-964, 2026 WL 1723657 (N.D. Ohio June 15, 2026). There, the court enforced a one-year contractual limitations clause and dismissed a breach-of-contract claim as untimely, holding that the provision was "valid and enforceable because the contract provision is unambiguous and the one-year period is reasonable." *Id.* at *4. In that case, this Court cited numerous state and federal court cases upholding a one-year limitation of action provision. *Id*. at *4 (citing *Lawrence,* 823 F. Supp. 3d 768) (finding that a one-year contractual limitations period was reasonable and enforceable); *Smith v. City of Barberton*, No. 1:20cv584, 2021 WL 752595, at *4 (N.D. Ohio Feb. 26, 2021) ("**Ohio courts have routinely held one-year contractual limitation clauses are reasonable and enforceable**.") (emphasis added; citations omitted)).

---

[4] *See also Hoskins v. DaimlerChrysler Corp.,* No. 3:03cv338, 2005 U.S. Dist. LEXIS 45418, *13 (S.D. Ohio Mar. 30, 2005) (citing *Colvin v. Globe Am. Cas. Co*., 69 Ohio St.2d 293 (1982)) ("the Ohio Supreme Court has held that a contractual provision that shortens the time in which a party has to bring a lawsuit is enforceable, as long as it is not unreasonable"); *R.E. Holland Excavating v. Bd. of Cty. Comm'rs*, 133 Ohio App. 3d 837, 842-43 (1999) (upholding contractual limitations period of 60 days following denial of claim by project engineer); *Universal Windows & Doors v. Eagle Window & Door,* 116 Ohio App. 3d 692, 697 (1996) (upholding 1-year contractual limitations period in dealer agreement).

Plaintiffs also expressly acknowledged both the reasonableness of the limitations clause and their understanding of its implications. *Id*. ("**By executing this Agreement, You acknowledge Your understanding and agreement to these terms and that the said one (1) year period is completely reasonable in all respects.**") (emphasis in original). As the court explained in *Lawrence*, where plaintiffs "agreed that one year was reasonable," that agreement "forecloses any argument to the contrary." *Lawrence*, 823 F. Supp. 3d at 781 (quoting *Amos*, 2022 WL 980676, at 5).

### 2.  The Contractual Limitations Clause has been repeatedly enforced.

Courts applying Ohio law have enforced NVR's Contractual Limitations Clause and dismissed untimely claims arising from NVR home purchases. In *Lawrence v. NVR, Inc.*, Judge Pamela A. Barker of this Court enforced the same Contractual Limitations Clause at issue here and dismissed the plaintiffs' claims as untimely. 823 F. Supp. 3d 768 (N.D. Ohio 2026).[5] The Court reaffirmed that, under Ohio law, "the parties to a contract may validly limit the time for bringing an action on a contract to a period that is shorter than the general statute of limitations for a written contract, as long as the shorter period is a reasonable one." *Id.* at 778 (quoting *Barbee v. Nationwide Mut. Ins. Co.*, 130 Ohio St.3d 96, 955 N.E.2d 995, 998 (2011)). The Court emphasized that the contractual limitations provision is clear, enforceable under Ohio law, and applies according to its terms, warranting dismissal where claims are brought outside the agreed limitations period. *Id.* at 779-782. The Court further explained that where homeowners expressly agree that a one-year limitations period is reasonable, that agreement "forecloses an argument to the contrary." *Id.* at 781 *(*quoting *Amos v. NVR, Inc.*, 2022 WL 980676, at *5).

---

[5] The *Lawrence* case is on appeal before the Sixth Circuit. *See Lawrence v. NVR, Inc.*, Case No. 26-3309 (6th Cir.).

Likewise, in *Amos v. NVR, Inc.*, No. 1:19-CV-719, 2022 WL 980676 (S.D. Ohio Mar. 31, 2022), the court dismissed the homeowners' claims against NVR that did not arise under the Limited Warranty because "the Limitations Clause precludes all other claims from being brought after the one-year mark." *Id.* at *4. The *Amos* court rejected the argument that the Contractual Limitations Clause conflicted with the HCSAA's prohibition against requiring homeowners to waive statutory rights. *See Amos*, 2022 WL 980676, at *4 ("the Limitations Clause is not a waiver; it's a limitation").

Other Federal authorities have also dismissed non-warranty actions brought outside of the one-year Contractual Limitations period. *See Telang v. NVR, Inc.*, No. CV 19-1025, 2023 WL 2713910, at *9 (W.D. Pa. Mar. 30, 2023), *aff'd,* No. 23-1803, 2024 WL 2861846 (3d Cir. June 6, 2024) (homeowner's claims were barred by the Contractual Limitations Clause contained in the parties' Purchase Agreement); *Bell v. APEX Realty, LLC*, No. 24-CV-0157-ABA, 2025 WL 2772026, at *15 (D. Md. Sept. 29, 2025), on reconsideration, No. 24-CV-0157-ABA, 2025 WL 3469639 (D. Md. Dec. 3, 2025) (dismissing claims against NVR due to Contractual Limitations Clause); *Daniels v. NVR, Inc.*, 56 F. Supp. 3d 737, 744 (D. Md. 2014) ("The Court concludes that all of Daniels's causes of action outside of the Limited Warranty are barred as untimely.")

### 3.      Plaintiffs' claims are barred by the Contractual Limitations Clause.

The Contractual Limitations Clause applies broadly to "any and all claims … regardless of legal theory," provides that claims accrue at settlement, and expressly waives the discovery rule. (Purchase Agreement ¶ 14.) That language extends to any claim arising out of or relating to the Purchase Agreement, settlement, or improvements to the Property and expressly applies "regardless of legal theory." It therefore reaches contract claims, statutory claims, tort claims, and any other claim connected to Plaintiffs' purchase of the Property not brought under the NVR Limited Warranty.

10

Plaintiffs' breach-of-contract claim arises directly from the Purchase Agreement and alleged deficiencies in the design and construction of the Property. (Compl. ¶¶ 57-64.) Plaintiffs' HCSSA claim likewise arises from the same Purchase Agreement and the same alleged deficiencies in construction. (*Id*. ¶¶ 65-76.) Plaintiffs' fraud claim is based upon alleged representations made during the negotiation and sale of the Property, prior to settlement, and seeks recovery of damages allegedly resulting from Plaintiffs' decision to enter into the Purchase Agreement. (*Id*. ¶¶ 77-94.) Finally, Plaintiffs' declaratory judgment claim expressly challenges Paragraph 14 of the Purchase Agreement itself. (*Id*. ¶¶ 95-97.) Each claim therefore "arise[s] out of or relat[es] to" the Purchase Agreement, settlement, or improvements to the Property and falls squarely within the scope of Paragraph 14.[6]

Plaintiffs were required to assert any such claims no later than February 23, 2024. Instead, Plaintiffs filed this action in May 2026—more than two years after expiration of the contractual limitations period. Because the Contractual Limitations Clause is valid, enforceable, and applicable to all claims asserted in the Complaint, Plaintiffs' claims are time-barred and should be dismissed.

### B.      Plaintiffs' breach of contract claim fails.

Plaintiffs' breach-of-contract claim independently fails because the Complaint does not identify any provision of the Purchase Agreement that NVR allegedly breached. Instead, Plaintiffs allege that NVR breached the Purchase Agreement by building and designing a home with a basement on a lot located in a flood zone and at an allegedly improper elevation. (Compl. ¶¶ 59-63.) But Plaintiffs never identify a contractual provision imposing those duties or otherwise explain how NVR's alleged conduct breached any term of the parties' written agreement.

---

[6] Notably, Plaintiffs do not assert a claim arising under the NVR Limited Warranty, which the Purchase Agreement expressly excludes from the Contractual Limitations Clause.

It is a basic principle of contract law that a plaintiff asserting a breach-of-contract claim must identify the contractual provision allegedly breached. *See Harris v. Am. Postal Workers Union*, 198 F.3d 245 (6th Cir. 1999) ("It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached."); *see also GE Elec. Co. v. S & S Sales Co.*, No. 11 CV 00837, 2011 WL 4369045, at *2 (N.D. Ohio Sept. 19, 2011) ("Courts routinely grant motion[s] to dismiss where complaints fail to identify a contractual provision that allegedly was breached."); *Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*, 492 F. App'x 518, 521 (6th Cir. 2012).

Likewise, in *Kitral v. NVR, Inc.*, No. 1:21CV612, 2021 WL 1927853 (N.D. Ohio May 13, 2021), the court dismissed a breach-of-contract claim asserted against NVR because the plaintiffs failed to identify any provision of the Purchase Agreement that had been breached. The court explained that although the complaint alleged misrepresentations by NVR, the plaintiffs failed to allege that those purported representations were incorporated into the Purchase Agreement and therefore failed to state a contract claim. *Id*. at *2.

The same defect exists here. Plaintiffs do not identify a single provision of the Purchase Agreement that NVR allegedly breached. Nor do Plaintiffs allege that the purported representations concerning the flood-zone status of the Property were incorporated into the Purchase Agreement. To the contrary, the Purchase Agreement expressly provides that oral statements or promises are not enforceable unless written into the Agreement and further states that no such oral statements or promises were made. (Purchase Agreement ¶ 18.) The Purchase Agreement also constitutes the parties' "entire and final Agreement" and provides that "[n]o other prior or contemporaneous agreements, representations, promises or terms (written or oral) are part of this Agreement." (Purchase Agreement ¶ 26.)

12

Because Plaintiffs fail to identify any contractual obligation owed by NVR and any corresponding breach of that obligation, Count One fails to state a claim upon which relief can be granted and should be dismissed.

### C.      Plaintiffs' fraud claim fails as a matter of law.

Even if Plaintiffs' fraud claim were not barred by the Contractual Limitations Clause, Count Three independently fails because Plaintiffs cannot plausibly establish the essential element of justifiable reliance.

Under Ohio law, the elements for fraud are:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Burr v. Bd. of County Comm'rs. of Stark Cty.*, 23 Ohio St.3d 69, 73, 491 N.E.2d 1101, 1105 (1986). A plaintiff's inability to establish any one of these elements is fatal to a fraud claim. *See Glassner v. R.J. Reynolds Tobacco Co.,* 223 F.3d 343, 353 (6th Cir. 2000) (affirming dismissal of Complaint where plaintiff "he has failed to plead, particularly or otherwise, the reliance element required to state a common law fraud claim under Ohio law.")

Here, Plaintiffs cannot plausibly establish the required element of justifiable reliance based on the allegations contained in their Complaint. Plaintiffs allege that, before entering into the Purchase Agreement, their real-estate agent specifically asked NVR whether the Property was located within a flood zone. (Compl. ¶ 78.) Plaintiffs further allege that they again asked NVR about the flood-zone designation before closing on the Property. (*Id*. ¶ 81.) Plaintiffs therefore acknowledge that the issue of whether the Property was located within a flood zone was

13

specifically identified and investigated before they purchased the Property. Plaintiffs further allege that the Property is located within "NFIP Map Number 39151C0187E" and that this designation has existed "since at least September 29, 2011." (Compl. ¶¶ 20, 22, 83.) In other words, Plaintiffs expressly allege that the flood-zone designation forming the basis of their fraud claim existed years before they purchased the Property and was reflected in a publicly available FEMA flood map.

Ohio law is clear that a party cannot establish justifiable reliance where the allegedly concealed or misrepresented information was available to both parties through public records. In *United Nat. Bank and Trust Co. v. North Canton Centre, Inc.*, No. CA 9202, 1993 WL 535503 (Ohio App. Dec. 6, 1993), the court affirmed dismissal of a fraud claim based on alleged misrepresentations concerning whether property was located in a floodplain, holding: "As the floodplain restrictions on the property were a matter of public record, [plaintiff] could not justifiably rely on [defendant's] concealment of such restrictions." *Id.* at *2.

That principle directly applies here. Plaintiffs allege that the flood-zone designation existed on a publicly available FEMA map long before they purchased the Property and that the issue was specifically raised before closing. (Compl. ¶¶ 20, 22, 78, 81, 83.) Such allegations preclude a showing of justifiable reliance as a matter of law. *United Nat. Bank and Trust Co.*, 1993 WL 535503.

The same result follows from other Ohio authorities. "An individual 'has no right to rely on misrepresentations when the true facts are equally open to both parties.'" *Scott Hutchinson Enter., Inc. v. Rhodes, Inc.*, No. C-1-01-776, 2005 WL 8162548, at *6 (S.D. Ohio Aug. 18, 2005) (quoting *Columbia Gas Trans. Corp. v. Ogle*, 51 F.Supp.2d 866, 875-76 (S.D. Ohio 1997)); *Harshman II Dev. Co. v. Meijer Stores Ltd. P'ship,* 2010-Ohio-381, ¶ 22, 189 Ohio App. 3d 249,

14

256, 938 N.E.2d 53, 58 (A purchaser "has no right to rely on misrepresentations when the true facts are equally open to both parties.").

Rather, a purchaser has a duty to "reasonably investigate the truth of representations" and to "avail himself of information that is easily accessible." *Scott Hutchinson Enter.,* 2005 WL 8162548, at *6; *Ohio Plaza Assoc., Inc. v. Hillsboro Assoc.*, No. 96CA898, 1998 WL 394370, at *13-14 (4th Dist. June 29, 1998) (applying the same principle in connection with floodplain information); *Barna v. Paris*, No. 99-L-084, 2000 WL 1458967, at *6 (Ohio Ct. App. Sept. 29, 2000) (finding that the buyers of real property could not justifiably rely on the sellers' representations about zoning restrictions because they were public record).

Plaintiffs' own allegations establish precisely the circumstances addressed by those cases. Plaintiffs allege that they were concerned enough about the flood-zone issue to specifically inquire about it *two separate times* before purchasing the Property. (Compl. ¶¶ 78, 81.) Having identified the issue, Plaintiffs were under a duty to investigate it. *See Scott Hutchinson*, 2005 WL 8162548, at *6. Plaintiffs further allege that the allegedly concealed information was contained within a FEMA map designation that had existed since at least 2011 and is publicly available. (Compl. ¶¶ 22, 83.) Thus, by Plaintiffs' own allegations, the information was equally available to Plaintiffs and NVR and could have been independently verified prior to closing.

Moreover, the knowledge of Plaintiffs' real-estate agent is imputed to Plaintiffs. *Bencivenni v. Dietz*, 2013-Ohio-4549, ¶ 53, 2013 WL 5635988 (11th Dist. Oct. 15, 2013). Plaintiffs allege that their agent specifically investigated the flood-zone issue and posed direct questions regarding the property's location. (Compl. ¶¶ 10-14, 78.) Those allegations further underscore Plaintiffs' awareness of the issue and corresponding duty of inquiry.

15

Accordingly, the facts alleged in the Complaint legally preclude Plaintiffs from establishing justifiable reliance—an essential element of fraud. Because Plaintiffs cannot establish a required element of their fraud claim as a matter of law, Count Three should be dismissed.

The same conclusion follows from the terms of the Purchase Agreement itself. Paragraph 18 provides that oral statements or promises are not enforceable unless written into the Agreement and further requires that any oral statements or promises upon which the purchasers are relying be identified therein. (Purchase Agreement ¶ 18.) The Agreement expressly states that no such oral statements or promises were made. (*Id.*) Plaintiffs' fraud claim is predicated entirely on alleged oral representations concerning the Property's flood-zone designation that purportedly occurred before execution of the Purchase Agreement. (Compl. ¶¶ 12-14, 18-19, 78-82.) Having executed a Purchase Agreement expressly stating that no such oral statements or promises formed part of the transaction, Plaintiffs cannot plausibly allege that they justifiably relied upon those purported extra-contractual representations.

**D.      Plaintiffs' declaratory judgment claim should be dismissed.**

Plaintiffs' declaratory judgment claim should be dismissed. Count Four seeks a declaration that the Purchase Agreement's "one (1) year limitation of action period and bar date" is "unreasonable," "unlawful," and contrary to Ohio public policy. (Compl. ¶¶ 95-97.) The sole purpose of Count Four is to obtain a ruling that Paragraph 14 is unenforceable so that Plaintiffs may proceed on their otherwise untimely breach of contract, HCSSA, and fraud claims. In other words, Plaintiffs seeks declaratory relief as a remedy for their substantive claims.

Declaratory relief is not an independent cause of action. Rather, it is a procedural device used to resolve an underlying substantive controversy. *Int'l Ass'n of Machinists & Aerospace Workers v. Tennessee Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997). Under the Declaratory

16

Judgment Act,[7] courts "may" issue declaratory relief. *See* 28 U.S.C. § 2201(a). "That permissive 'may' allows district courts to decline to exercise their lawful jurisdiction under certain circumstances." *Fire-Dex, LLC v. Admiral Ins. Co.*, 139 F.4th 519, 525 (6th Cir. 2025), *cert. denied,* 146 S. Ct. 1453, 223 L. Ed. 2d 507 (2026). The Act vests federal courts with "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

This is one of those circumstances justifying dismissal. Courts routinely dismiss declaratory-judgment claims that merely duplicate issues already presented through substantive claims and defenses. *See, e.g., Griffin v. Darling Ingredients, Inc.*, No. 3:19-CV-009, 2020 WL 13178034, at *6 (S.D. Ohio Mar. 24, 2020); *Miami Valley Mobile Health Servs., Inc. v. ExamOne Worldwide, Inc.*, 852 F. Supp. 2d 925, 938 (S.D. Ohio 2012).

The claim is derivative of Plaintiffs' breach of contract claim because the "validity and enforceability of the contract[ ] ha[s] already been placed at issue, and Plaintiffs' claim for damages is a better and more effective remedy." *Griffin*, 2020 WL 13178034, at *6 (S.D. Ohio Mar. 24, 2020) (quoting *Miami Valley*, 852 F. Supp. 2d 938 (S.D. Ohio 2012)). Because the enforceability of Paragraph 14 is already before the Court through NVR's limitations defense, Count Four presents no independent controversy and adds nothing to the substantive claims asserted in the Complaint. Accordingly, this Court should exercise its discretion to dismiss the declaratory judgment claim because the underlying issue is already before this Court.

Additionally, "[a] request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred." *Kondaur Cap. Corp. v. Smith*, 802 F.

---

[7] While Ohio law applies under the parties' Purchase Agreement, the Court applies federal procedural law (including the Declaratory Judgment Act) following removal. *See, e.g., Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 199, 134 S. Ct. 843, 849, 187 L. Ed. 2d 703 (2014) ("We have long considered "the operation of the Declaratory Judgment Act" to be only "procedural").

17

App'x 938, 948 (6th Cir. 2020) (quoting *Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997). Because Plaintiffs' substantive claims are time-barred by the parties' Purchase Agreement, their request for declaratory relief is likewise barred. *Kondaur*, 802 F. App'x at 948-99 (plaintiff "is bound by the statute of limitations applicable to the claims underlying its request for declaratory relief.") Courts routinely dismiss declaratory judgment claims once the substantive claims are dismissed. *See, e.g., id.*; *Young v. Carrier Corp.*, No. 4:14CV0974, 2014 WL 6617650, at *9 (N.D. Ohio Nov. 21, 2014) ("because the Court dismisses Plaintiff's other causes of action, there is no actual controversy left, as 28 U.S.C. § 2201(a) requires, to merit declaratory relief.").

Even if the Court were to reach the merits of Count Four, Plaintiffs still fail to state a plausible claim for relief. Plaintiffs seek a declaration that Paragraph 14 is "unreasonable," "unlawful," and contrary to Ohio public policy. (Compl. ¶¶ 95-97.) But Ohio law has long recognized that parties may agree to a shortened limitations period so long as the contractual provision is clear and the shortened period is reasonable. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 107, 134 S. Ct. 604, 611, 187 L. Ed. 2d 529 (2013); *Barbee v. Nationwide Mut. Ins. Co.*, 2011-Ohio-4914, ¶ 23, 130 Ohio St. 3d 96, 100, 955 N.E.2d 995, 998. Courts applying Ohio law have enforced NVR's Contractual Limitations Clause and have upheld similar one-year limitations provisions after detailed evaluation of the same public policy considerations raised by Plaintiffs here. *See Lawrence,* 823 F. Supp. 3d, 768; *Amos*, 2022 WL 980676; *see also Multilink*, 2026 WL 1723657, at *4 (citing cases upholding a shortened limitation provision under Ohio law).

## E.    Amendment of the Complaint would be futile.

A district court may deny leave to amend a complaint where amendment would be "futil[e]," *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). An amended complaint that would not survive a motion to dismiss is futile. *Write Start Early Christian Educ.*

18

*Ctr., LLC v. Nat'l Fire & Marine Ins.*, 836 F. App'x 362, 364 (6th Cir. 2020). Amendment would be futile here because Plaintiffs' claims are barred as a matter of law by the Purchase Agreement's enforceable one-year Contractual Limitations Clause.

Nor can amendment cure the independent defects identified above. Plaintiffs' fraud claim fails because the Complaint alleges that the purportedly concealed flood-zone information was publicly available and specifically investigated before closing, precluding a showing of justifiable reliance as a matter of law. Likewise, Plaintiffs' declaratory-judgment claim is wholly derivative of their substantive claims and seeks a declaration concerning the enforceability of Paragraph 14 solely to avoid dismissal of those claims.

## V.     CONCLUSION

For the foregoing reasons, Defendant NVR, Inc. respectfully urges this Court to dismiss Plaintiffs' Complaint in its entirety with prejudice.

Respectfully submitted,

*/s/ Ryan W. Gillespie*
David D. Yeagley (0042433)
Ryan W. Gillespie (0102606)
**UB GREENSFELDER LLP**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7000
(216) 583-7001 (Fax)
dyeagley@ubglaw.com
rgillespie@ubglaw.com

*Attorneys for Defendant NVR, Inc.*

19

**CERTIFICATE OF SERVICE**

I certify that on July 14, 2026, a copy of *Defendant NVR, Inc.'s Memorandum of Law in Support of Motion to Dismiss Plaintiffs' Complaint* was electronically filed via the Court's CM/ECF system.  Notice and a copy of this filing will be sent to counsel of record for all parties via the Court's CM/ECF system upon all counsel of record.

*/s/ Ryan W. Gillespie*

*One of the attorneys for Defendant NVR, Inc.*

**CERTIFICATE OF PAGE LIMIT COMPLIANCE**

I certify that the Memorandum of Law complies with the page limitation set forth in Local Rule 7.1(f) for this unassigned case.

*/s/ Ryan W. Gillespie*

*One of the attorneys for Defendant NVR, Inc.*

**CERTIFICATE OF COMPLIANCE REGARDING DISPOSITIVE MOTIONS**

Pursuant to the Court's Case Management Scheduling Order regarding dispositive motions, counsel for Defendant NVR, Inc. certifies that, prior to filing this Motion to Dismiss, Defendant submitted a written request to Plaintiffs' counsel seeking voluntary dismissal of Plaintiffs' claims. Plaintiffs' counsel declined that request, indicating that Plaintiffs intend to proceed with the action notwithstanding the decisions enforcing Paragraph 14 of the Purchase Agreement, including *Lawrence v. NVR, Inc.*, which is currently pending on appeal before the Sixth Circuit.

*/s/ Ryan W. Gillespie*

*One of the attorneys for Defendant NVR, Inc.*

20