**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEDRA et al.** | ) | CASE NO.: 5:26-cv-01410-BYP |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| | ) | **JUDGE BENITA Y. PEARSON** |
| v. | ) | |
| | ) | |
| **NVR, INC.** | ) | |
| | ) | **DEFENDANT NVR. INC'S ANSWER** |
| *Defendant.* | ) | **TO PLAINTIFFS' COMPLAINT** |
| | ) | |
| | ) | |

Defendant NVR, Inc. ("Defendant"), by and through counsel, hereby answers Plaintiffs' Complaint. Any allegation not expressly admitted is denied. Defendant further asserts the defenses set forth below and reserves the right to amend or supplement those defenses as permitted by the Federal Rules of Civil Procedure and the Court's scheduling orders.

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies the same.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies the same.

3. Defendant admits that it is a corporation organized under the laws of the Commonwealth of Virginia.

4. Defendant admits the allegations contained in Paragraph 4, although NVR reserves all rights, interests, and defenses.

5. Defendant admits the allegations contained in Paragraph 5, although NVR reserves all rights, interests, and defenses.

6. Defendant admits the allegations contained in Paragraph 6.

7. Defendant admits that a document purporting to be the Purchase Agreement is attached to the Complaint as Exhibit 1.

8. Defendant admits that the Purchase Agreement concerned the purchase of a lot and home located at 3519 Yellow Creek Ave. NW. Defendant states that the Purchase Agreement speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent therewith.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein.

10. Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 10 concerning Plaintiffs' alleged retention of a real estate agent and therefore denies the same.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 12 and therefore denies the same.

13. Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 13 and therefore denies the same.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant admits that construction of the home was completed on or about February 2023. Defendant denies any remaining allegations.

16. Defendant admits that Plaintiffs closed on the Property on or about February 23, 2023.

17. Defendant admits that settlement occurred through an affiliated settlement company.

18.     Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 18 and therefore denies the same.

19.     Defendant denies the allegations contained in Paragraph 19.

20.     Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 20 and therefore denies the same.

21.     Defendant denies the allegations contained in Paragraph 21.

22.     Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 22 and therefore denies the same.

23.     Defendant denies the allegations contained in Paragraph 23.

24.     Defendant denies as written the allegations contained in Paragraph 24.

25.     Defendant denies the allegations contained in Paragraph 25.

26.     Defendant denies the allegations contained in Paragraph 26.

27.     Defendant admits the allegations contained in Paragraph 27.

28.     Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 28 and therefore denies the same.

29.     Defendant denies as written the allegations contained in Paragraph 29.

30.     Defendant denies as written the allegations contained in Paragraph 30.

31.     Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 31 and therefore denies the same.

32.     Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 32 and therefore denies the same.

33.     Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 33 and therefore denies the same.

34. Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 34 and therefore denies the same.

35. Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 35 and therefore denies the same.

36. Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 36 and therefore denies the same.

37. Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 37 and therefore denies the same.

38. In response to Paragraph 38, Defendant admits Plaintiffs submitted a warranty claim and denies any remaining allegations.

39. Defendant admits the allegations contained in Paragraph 39.

40. Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 40 and therefore denies the same.

41. Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 41 and therefore denies the same.

42. Defendant admits the allegations contained in Paragraph 42.

43. Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 43 and therefore denies the same.

44. Defendant denies the allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant denies the allegations contained in Paragraph 46.

47. Defendant denies the allegations contained in Paragraph 47.

48. Defendant denies the allegations contained in Paragraph 48.

49.     Defendant denies the allegations contained in Paragraph 49.

50.     Defendant denies the allegations contained in Paragraph 50.

51.     Defendant denies the allegations contained in Paragraph 51.

52.     Defendant denies the allegations contained in Paragraph 52 except to admit that it intends to rely on Section 14 of the parties' Purchase Agreement.

53.     Defendant denies the allegations contained in Paragraph 53 except to admit that the parties' Purchase Agreement contained a one-year limitation clause and bar date.

54.     Defendant denies the allegations contained in Paragraph 54.

55.     Defendant denies the allegations contained in Paragraph 55.

56.     Defendant denies the allegations contained in Paragraph 56.

57.     Defendant incorporates its foregoing responses as if fully restated herein.

58.     Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 58 and therefore denies the same.

59.     Defendant denies the allegations contained in Paragraph 59.

60.     Defendant denies the allegations contained in Paragraph 60.

61.     Defendant denies the allegations contained in Paragraph 61.

62.     Defendant denies the allegations contained in Paragraph 62.

63.     Defendant denies the allegations contained in Paragraph 63.

64.     Defendant denies the allegations contained in Paragraph 64.

65.     Defendant incorporates its foregoing responses as if fully restated herein.

66.     Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 66 and therefore denies the same.

67. Defendant admits only that it is engaged in residential home construction and otherwise denies the allegations contained in Paragraph 67.

68. Defendant states the Purchase Agreement speaks for itself and denies any characterizations inconsistent therewith.

69. Defendant denies the allegations contained in Paragraph 69.

70. Defendant denies the allegations contained in Paragraph 70.

71. Defendant denies the allegations contained in Paragraph 71.

72. Defendant denies the allegations contained in Paragraph 72.

73. Defendant denies the allegations contained in Paragraph 73.

74. Defendant denies the allegations contained in Paragraph 74.

75. Defendant denies the allegations contained in Paragraph 75.

76. Defendant denies the allegations contained in Paragraph 76.

77. Defendant incorporates its foregoing responses as if fully restated herein.

78. Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 78 and therefore denies the same.

79. Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 79 and therefore denies the same.

80. Defendant denies the allegations contained in Paragraph 80.

81. Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 81 and therefore denies the same.

82. Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 82 and therefore denies the same.

83. Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 83 and therefore denies the same.

84. Defendant admits the allegations contained in Paragraph 84.

85. Defendant lacks knowledge sufficient to admit or deny the allegations contained in Paragraph 85 and therefore denies the same.

86. Defendant denies the allegations contained in Paragraph 86.

87. Defendant admits that it is a national home builder and denies the remaining allegations contained in Paragraph 87.

88. Defendant admits that it conducts residential homebuilding operations in jurisdictions subject to applicable federal and state law. Defendant denies any remaining allegations contained in Paragraph 88.

89. Defendant denies the allegations contained in Paragraph 89.

90. Defendant denies the allegations contained in Paragraph 90.

91. Defendant denies the allegations contained in Paragraph 91.

92. Defendant denies the allegations contained in Paragraph 92.

93. Defendant denies the allegations contained in Paragraph 93.

94. Defendant denies the allegations contained in Paragraph 94.

95. Defendant incorporates its foregoing responses as if fully restated herein.

96. Defendant denies the allegations contained in Paragraph 96.

97. Defendant denies that Plaintiffs are entitled to the relief requested and otherwise denies the allegations contained in Paragraph 97.

98.     Defendant denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief and specifically denies liability for damages, attorney's fees, punitive damages, costs, interest, declaratory relief, or any other relief whatsoever.

**DEFENSES**

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiffs' claims are barred, in whole or in part, by the one-year Contractual Limitations Clause contained in Paragraph 14 of the Purchase Agreement.

3.     To the extent Plaintiffs' claims are based upon matters occurring before the Settlement Date, those claims accrued, if at all, on the Actual Settlement Date pursuant to Paragraph 14 of the Purchase Agreement.

4.     Plaintiffs' claims are barred because the parties expressly waived application of the discovery rule in Paragraph 14 of the Purchase Agreement.

5.     Plaintiffs failed to satisfy all conditions precedent to maintaining the claims alleged in the Complaint.

6.     Plaintiffs' claims are barred, in whole or in part, by the merger doctrine and the express terms of the Purchase Agreement and closing documents.

7.     Plaintiffs waived, in whole or in part, the claims and remedies asserted in the Complaint.

8.     Plaintiffs' claims are barred, limited, or otherwise governed by the terms, conditions, limitations, exclusions, disclaimers, and remedies contained in the NVR Homeowner Limited Warranty and related warranty documents.

8

9.     Plaintiffs are estopped from asserting claims or positions that are inconsistent with the terms of the Purchase Agreement and the representations and acknowledgments made in connection with the transaction.

10.     Plaintiffs failed to mitigate their alleged damages, if any.

11.     Any damages allegedly sustained by Plaintiffs were caused, in whole or in part, by the acts, omissions, conduct, fault, or superseding actions of third parties for whom Defendant is not responsible.

12.     Plaintiffs' claims are barred, in whole or in part, because any alleged damages were caused by intervening and superseding causes beyond the control of Defendant.

13.     Plaintiffs are not entitled to recover punitive damages, attorney fees, declaratory relief, or any other relief beyond that authorized by applicable law.

14.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of caveat emptor. The matters complained of were open, observable, reasonably discoverable, or ascertainable through the exercise of ordinary diligence and review of publicly available information. Accordingly, Plaintiffs cannot establish justifiable reliance or otherwise shift responsibility for such matters to Defendant.

15.     Plaintiffs' alleged damages, if any, are speculative, uncertain, unrecoverable, or otherwise limited by applicable law.

Respectfully submitted,

*/s/ Ryan W. Gillespie*
David D. Yeagley (0042433)
Ryan W. Gillespie (0102606)
**UB GREENSFELDER LLP**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7000
(216) 583-7001 (Fax)
dyeagley@ubglaw.com
rgillespie@ubglaw.com

*Attorneys for Defendant NVR, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 14, 2026, a copy of *Defendant NVR, Inc.'s Answer to Plaintiffs' Complaint* was electronically filed via the Court's CM/ECF system.  Notice and a copy of this filing will be sent to counsel of record for all parties via the Court's CM/ECF system upon all counsel of record.

*/s/ Ryan W. Gillespie*

*One of the attorneys for Defendant NVR, Inc.*

10